UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF WEST VIRGINIA

AT MARTINSBURG

| | | |
|---|---|---|
| DOUGLAS N. GAER, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>AMERICAN PUBLIC EDUCATION, INC., et al.,<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:10-cv-00081-JPB<br><br>CLASS ACTION<br><br>The Honorable John Preston Bailey<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL |

Proposed lead plaintiff City of Miami Fire Fighters' and Police Officers' Retirement Trust (the "Retirement Trust"), respectfully submits this Memorandum of Law in support of its motion for: (1) appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (2) approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel and Steven F. White, PLLC ("White") as liaison counsel pursuant to the PSLRA.

## I.  STATEMENT OF THE NATURE OF THE MATTER BEFORE THE COURT

This securities fraud class action was filed on August 12, 2010, on behalf of persons who purchased the common stock of American Public Education, Inc. ("APEI" or the "Company") between February 22, 2010 and August 5, 2010, inclusive (the "Class Period").

Under the PSLRA, the Court is to appoint as lead plaintiff the "person or group of persons" with the largest financial interest in the litigation that otherwise satisfies the requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). The Retirement Trust should be appointed as lead plaintiff because it: (1) timely filed its motion; (2) has the largest financial interest in this litigation of any proposed lead plaintiff of which it is aware; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

In addition, the Retirement Trust's selection of Robbins Geller as lead counsel and White as liaison counsel should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Robbins Geller has extensive experience in the prosecution of securities class actions and will more than adequately represent the interests of all class members as lead counsel. *See, e.g.*, *In re Krispy Kreme Doughnuts, Sec. Litig.*, No. 1:04CV00416, 2004 U.S. Dist. LEXIS 26282 (M.D.N.C. Oct. 6, 2004) (appointing Robbins Geller lawyers as lead counsel); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio 2005) ("the Court finds that [Robbins Geller] will represent deftly the class's interests").

- 1 -

581905_1

## II. STATEMENT OF FACTS

The complaint alleges that extensive positive statements by defendants in press releases and Securities and Exchange Commission filings during the Class Period regarding the Company's operational performance and future growth projections, including predictable revenue growth of between 36% and 39% for 2010, were false and misleading because: (1) defendants had propped up the Company's results by fraudulently inducing students to enroll in APEI's scholastic and educational programs and engaged in other manipulative recruiting tactics; (2) defendants had materially overstated the Company's growth prospects by failing to properly disclose that defendants had engaged in illicit and improper recruiting activities, which also had the effect of artificially inflating the Company's reported results and future growth prospects; and (3) APEI did not maintain adequate systems of internal operational or financial controls, which would have permitted APEI's reported operational statements and foreseeable growth prospects to be true, accurate or reliable.

On August 5, 2010, investors began to learn the truth about APEI after the United States General Accounting Office ("GAO") issued a report that concluded that for-profit educational institutions like APEI had engaged in an illegal and fraudulent course of action designed to recruit students and over-charge the federal government for the cost of such education. Following these disclosures, shares of the Company collapsed -- falling over $12.00, or almost 30% in the single trading day as this news reached the market.

## III. A STATEMENT OF THE QUESTIONS PRESENTED

Should the Retirement Trust be appointed Lead Plaintiff?

Should the Retirement Trust's selection of Lead and Liaison Counsel be approved?

IV.   **ARGUMENT**

   A.   **The Retirement Trust Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for appointing a lead plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i).  Here, the relevant notice was published on *Globe Newswire* on August 13, 2010.  *See* Declaration of Steven F. White in Support of City of Miami Fire Fighters' and Police Officers' Retirement Trust's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("White Decl."), Ex. A.  Within 60 days after publication of the notice, any person who is a member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §78u-4(a)(3)(A)(i)(II).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
>   (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
>   (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

- 3 -

>     (cc) otherwise satisfies the requirements of Rule 23 of the Federal
>     Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### 1. The Retirement Trust Has Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for appointment as lead plaintiff in this matter must do so by October 12, 2010. 15 U.S.C. §78u-4(a)(3)(A)(II). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, the Retirement Trust hereby moves this Court in a timely manner to be appointed lead plaintiff on behalf of all members of the class.

### 2. The Retirement Trust Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, the Retirement Trust suffered a loss of $158,719.59 based on purchases of 9,341 shares at a cost of over $422,279.02. White Decl., Exs. A,B. Accordingly, upon information and belief, the Retirement Trust has the largest financial interest in the outcome of this litigation. 15 U.S.C. §78u-4(a)(3)(B).

### 3. The Retirement Trust Otherwise Satisfies Federal Rule of Civil Procedure 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two – typicality and adequacy – directly address the personal

- 4 -

characteristics of the lead plaintiff movant.  Consequently, in deciding a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed.  *See In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003).

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264-65 (3d Cir. 2001).  Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical.  *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.'") (citation omitted).  The court should consider whether movant's circumstances "'are markedly different or . . . the legal theory upon which the claims [of that movant] are based differ[ ] from that upon which the claims of other class members will perforce be based.'"  *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988) (citation omitted).  The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.

The Retirement Trust satisfies the typicality requirement of Rule 23 because, just like all other class members, it: (1) purchased APEI securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby.  Thus, the Retirement Trust's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

581905_1

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The PSLRA directs the court to limit its inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *See Cree*, 219 F.R.D. at 372.

Here, the Retirement Trust is an adequate representative of the class because its interests in aggressively pursuing the claims against defendants are clearly aligned with the interests of the members of the class, who similarly suffered losses because of defendants' false statements to the market. There is no antagonism between the Retirement Trust's interests and those of the other members of the class. Moreover, the Retirement Trust is precisely the type of institutional investor Congress sought to encourage to lead securities cases like this one when it passed the PSLRA. *Cendant*, 264 F.3d at 243-44 ("The plaintiff with the largest stake in a given securities class action will almost invariably be a large institutional investor, and the PSLRA's legislative history expressly states that Congress anticipated and intended that such investors would serve as lead plaintiffs.") (citing S. Rep. No. 104-98, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("The Committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring the court to presume that the member of the purported class with the largest financial stake in the relief is the 'most adequate plaintiff'.")).

In addition, as demonstrated below, the Retirement Trust's proposed lead and liaison counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the Retirement Trust *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

> **B.    The Retirement Trust's Selection of Lead and Liaison Counsel Should Be Approved**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class he seeks to represent. In that regard, the Retirement Trust, as the presumptively most adequate plaintiff, has selected Robbins Geller to serve as lead counsel and White to serve as liaison counsel, subject to this Court's approval.  Robbins Geller possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  Robbins Geller has been appointed as lead or co-lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002).  *See also* White Decl., Ex. D.

## V.    CONCLUSION

For the foregoing reasons, the Retirement Trust respectfully requests the Court appoint it as Lead Plaintiff in the consolidated action pursuant to 15 U.S.C. §78u-4(a)(3)(B), and approve its selection of Robbins Geller as Lead Counsel and White as Liaison Counsel.

DATED:  October 12, 2010                    STEVEN F. WHITE PLLC
                                            STEVEN F. WHITE (SBID #4021)


                                            _s/ STEVEN F. WHITE PLLC_
                                            STEVEN F. WHITE PLLC

                                            405 Capitol Street, Suite 908
                                            Charleston, WV  25301
                                            Telephone:  304/720-1400
                                            304/346-6731 (fax)

                                            [Proposed] Liaison Counsel

- 7 -

581905_1

- 8 -

ROBBINS GELLER RUDMAN & DOWD LLP
DARREN J. ROBBINS
TRICIA L. MCCORMICK
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

CYPEN & CYPEN
STEPHEN H. CYPEN
777 Arthur Godfrey Road, Suite 320
Miami Beach, FL  33140
Telephone:  305/532-3200
305/535-0050 (fax)

Additional Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 12, 2010.

        s/ STEVEN F. WHITE PLLC
        STEVEN F. WHITE PLLC

        STEVEN F. WHITE PLLC
        405 Capitol Street, Suite 908
        Charleston, WV  25301
        Telephone:  304/720-1400
        304/346-6731 (fax)

        E-mail: wvstevewhite@yahoo.com

# Mailing Information for a Case 3:10-cv-00081-JPB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Carl N. Frankovitch**
  carln@facslaw.com

- **Eric J. Hulett**
  eric.hulett@steptoe-johnson.com,maryfaith.suarez@steptoe-johnson.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`